REALTY ASSOCIATES, AS SYNDICATE MANAGER, BRIGHTON SYNDICATE No. 1, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27921. Promulgated October 31, 1929.

*Lawrence A. Baker, Esq., John A. Selby, Esq.*, and *Henry Ravenel, Esq.*, for the petitioner.

*John D. Foley, Esq.*, for the respondent.

OPINION.

LANSDON: In view of the conclusion we have reached in this case, it is only necessary to consider the question as to the correctness of the determination of the Commissioner in classifying the Brighton Syndicate as a corporation within the purview of the Revenue Act of 1921, the pertinent provisions of which are as follows:

SEC. 2. That when used in this Act—

\*       \*       \*       \*       \*       \*       \*

(2) The term " corporation " includes associations, joint-stock companies, and insurance companies.

It being conceded that the so-called Brighton Syndicate is neither a joint-stock company nor an insurance company, it remains only to determine whether it can be properly classed as an association within the meaning of this Act. The term " association," like that of syndicate, or company, is often carelessly employed to characterize activities of two or more individuals jointly, or disjointly, working together to accomplish a given object, regardless of the nature or form of their organized efforts; and, even in the absence of any organization whatever; but in its true legal concept the entity thus recognized is restricted to certain well defined limits. These definitions have received judicial approval:

In the United States, as distinguished from a corporation, a body of persons united without a charter but upon the methods and forms used by incorporated bodies for the prosecution of some enterprise. (1 Bouvier's Law Dictionary.)

In the United States, as distinguished from a corporation, a body of persons organized for the prosecution of some purpose, without a charter, but having the general form and mode of procedure as a corporation. (Webster's International Dictionary.)

The term "association" usually means an unincorporated organization composed of a body of men, partaking in its general form and mode of procedure of the characteristics of a corporation. (Words & Phrases, 584.) Cited in *Hecht* v. *Malley*, 265 U. S. 144; *Albert M. Briggs*, 7 B. T. A. 409; *Philadelphia & Reading Relief Association*, 4 B. T. A. 713.

Article 1312, Regulations 74, defines associations which are to be classed as corporations for income-tax purposes as associations and joint-stock companies, * * * common law trusts and organizations, by whatever name known, which act or do business in an "organized capacity." Testing the relationship created between the individuals, who signed these several contracts and paid into the so-called Brighton Syndicate investment fund, by the plain provisions of the instruments themselves it can hardly be contended, when measured by these definitions, that it amounted to an association taxable under the statute. As between themselves there is no acting or doing business "in an organized capacity," as called for in article 1312, *supra*, since they are in no manner or form organized; neither is there any management or control of the affairs of the so-called syndicate reserved to them so as to give its operations the slightest resemblance to corporate actions. Construed together, these seventeen instruments amounted to nothing more or less than so many subscriptions to an investment fund in the hands of Realty Associates to be binding upon each subscriber when all seventeen were signed; and then, payable only at the election of the so-called syndicate manager. As to whether they could have been enforced by the so-called syndicate manager we need not consider in view of the fact that all subscriptions were in fact paid, the investment made and liquidated in accordance with their terms. However, in so doing the syndicate manager acted alone and without direction or restraint from any of these subscribers individually or collectively. No organization was formed, from which it follows that there was no association to tax.

Reviewed by the Board.

*Decision of no deficiency will be entered.*

SMITH and MURDOCK concur in the result.